## Shields *v.* Casey, Appellant.

*Corporations—Stock subscription—Married women.*

In an action to recover the amount of a subscription to the capital stock of a brewing company, there was evidence tending to show that defendant subscribed for the stock himself, but signed his wife's name, as he was not certain that, as a wholesale liquor dealer, he had a right to subscribe for such stock himself. *Held,* that the case was for the jury.

Submitted Nov. 4, 1892.    Appeal, No. 188, Oct. T., 1892, by defendant, T. D. Casey, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1891, No. 490, on verdict for plaintiff, J. M. Shields et al., trustees, now to use of W. S. Pier, receiver of the Wm. Tann Brewing Co.    Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

At the trial, before EWING, P. J., when J. J. O'Reilly, a witness for plaintiff, was on the stand, plaintiff's counsel proposed to prove that he had several interviews with defendant for the purpose of getting him to subscribe to the stock of the William Tann Brewing Co.; that he agreed to subscribe for

the stock to the extent of five thousand dollars ; that he did so subscribe and that after he did subscribe the articles of agreement the witness called his attention to the fact that he had not written his name—T. D. Casey, and that he replied that he was not certain that he had a right to subscribe for stock in a brewing company, he being at the time a wholesale liquor dealer, and for that reason he subscribed it in the name of M. J. Casey ; that he subsequently attended meetings of the stock subscribers of the William Tann Brewing Co. and participated in the organization of that company ; that he subsequently paid in one thousand dollars on account of that subscription by his own check and that he took a stock certificate for the one thousand dollars worth of that stock which he paid in in his own name : This for the purpose of showing that the defendant was a subscriber to the stock of the William Tann Brewing Co. for the amount set out in the agreement under the name of M. J. Casey.

Objected to, generally as incompetent and irrelevant ; (2) objected to as incompetent because this action is not against T. D. Casey signing or subscribing himself by the name of M. J. Casey, but is against him on an alleged subscription in his own name ; (3) that the proposed evidence is not competent to prove a subscription to the stock.

By the Court : For the present we will hear the testimony ; the second exception is based on a mistake as to the fact. Objection overruled.   Exception. [4]

Evidence was given in support of the offer.

Plaintiffs' point was among others as follows :

" 2. That if the jury believe, from the evidence which is uncontradicted, T. D. Casey signed the articles of subscription in the name of M. J. Casey, who was his wife, then defendant is not liable for the subscription, a married woman not being liable on her subscription, and the verdict should be for the plaintiff. *Answer :* Affirmed pro forma.   The question is reserved if the jury find that the subscription for fifty shares of the stock was for his wife and not for himself. If the jury find that the subscription was for himself in his wife's name, they will find for the plaintiff regardless of this point." [1]

Binding instruction for defendant was refused. [2]

The court charged in part as follows :

"Now this is the question for you to pass on.   Did Mr. Casey,

in signing the name of M. J. Casey to this subscription, sign it to give the stock absolutely to his wife, Mrs. Casey, to make her responsible, or was it, as claimed by plaintiff, a mere cover, so that it would not be known that he owned the stock that he was subscribing for?" [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) instructions, and (4) rulings on evidence; quoting instructions, bill of exception and evidence.

*J. Scott Ferguson* and *Waterson & Reid,* for appellant, cited: Strasburg R. R. v. Echternacht, 21 Pa. 220; Pittsburgh, etc., R. R. v. Gazzam, 32 Pa. 340; Real Estate Co. v. Roop, 132 Pa. 496; act of April 1, 1874.

*Pier & Blair,* for appellee, cited: Hahn's Ap., 18 W. N. 294; Real Estate Co. v. Roop, 132 Pa. 496; Pugh and Sharman's Case, L. R. 13 Eq. 566; Hanover R. R. v. Haldeman, 82 Pa. 36; Bell's Ap., 115 Pa. 88; Garrett v. Dillsburg R. R., 78 Pa. 465; Muncy Co. v. Green, 143 Pa. 269; P. & C. R. R. v. Stewart, 41 Pa. 54; Bavington v. R. R., 34 Pa. 358; Caley v. R. R., 80 Pa. 363; Boyd v. R. R., 90 Pa. 169; Lane's Ap., 105 Pa. 49.

PER CURIAM, January 3, 1893:

We think the plaintiff's second point was correctly answered. It was affirmed. The court reserved the question, however, whether Casey subscribed to the stock for his wife, or for himself, with the instruction, that if the jury find that the subscription was for himself, although in his wife's name, they should find for the plaintiff, regardless of the point.

The evidence referred to in the fourth specification of error was directly in point. It tended to prove that the defendant subscribed for the stock for himself; that he signed the name of M. J. Casey, his wife, in order to cover up the transaction; that one reason for doing so was that he was a wholesale liquor dealer, and was not certain that he had a right to subscribe for stock in a brewing company.

It needs no argument to show that if this subscription was for himself, he could not avoid responsibility by placing it in the name of his wife. This question was fairly submitted to the jury.

Judgment affirmed.